Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2023

JEFFREY P. COLWELL
CLERK

July 24, 2023

TO:   Clerk of The Court
      United States Courthouse
      901-19th St., Room A105
      Denver, CO 80294-3589

RE:   **In the matter of Christopher Castelluzzo
      Civil Action No. 22-y-00375-CNS**

Dear Clerk of the Court,

Enclosed you shall find;

(\*) ORDER
(\*) DECLARATION IN SUPPORT OF PLAINTIFF
(\*) MEMORANDUM
(\*) ARGUMENT
(\*) CERTIFICATION
(\*) CERTIFICATION OF SERVICE

Thank you for your attention in this most urgent matter.

Christopher Castelluzzo

1

Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2023

JEFFREY P. COLWELL
CLERK

U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CHRISTOPHER CASTELLUZZO

v.

U.S. Attorney General
    Defendants.

<u>Case No: 22-y-00375-CNS</u>

**CERTIFICATION OF
CHRISTOPHER CASTELLUZZO**

I Christopher Castelluzzo the above mentioned

    Everything set forth in the herein papers pertains to the wrongful confiscation of my property by the U.S. Attorney Generals Office.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date  7/24/2023

Christopher Castelluzzo

2

Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

U.S. DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| CHRISTOPHER CASTELLUZZO<br>　　　　　Plaintiff,<br>v.<br><br>U.S. Attorney General<br>　　　　　Defendants. | **Case No: 22-y-00375-CNS**<br><br>**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

 Upon the supporting declaration of the plaintiff and the accompanying memorandum of law it is ORDERED that defendants U.S. Attorney General show cause in the United States Courthouse, at the Alfred A Arraj Courthouse, 901-19th St., Room A105, Denver, CO 80294-3589, on the day of _____, of 2023, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P., enjoining the said defendants, their successors in office, agents, and employees and all other person acting in concern and participation with them, to provide a Christopher Castelluzzo with the property seized from him.

 IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this matter defendants U.S. Attorney General Office turn over Mr. Castelluzzo's BrokenWing assets.

 IT IS FURTHER ORDERED that this order to show cause, and all other papers attached to this application, shall be served on defendants the U.S. Attorney General Office and it acting agents by, _____ 2023, and the United States Marshals Service is hereby directed to make such service.

_____<br>United States District Judge

Date: _____

Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER CASTELLUZZO<br>Plaintiff,<br>v.<br><br>U.S. Attorney General<br>Defendants. | **Case No: 22-y-00375-CNS**<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Christopher Castelluzzo states:

1. I am the plaintiff in this case. I make the declaration in support of my motion for a temporary restraining order and a preliminary injunction to ensure that I receive my assets that were wrongfully seized.

2. It has now been over a year since the FBI seizure and still no forfeiture complaint has been filed.

3. The government claims to have been investigating Mr. Castelluzzo since 2013. While these claims are for the government's benefit, to circumvent statue of limitations restrictions under the guise of "continued conduct," they also support prejudice towards Mr. Castelluzzo.

4. This same 10 year period has allowed an item purchased for $9,000 to appreciate to tens of millions of dollars. Therefore, this delay has prejudiced Mr. Castelluzzo from not being afforded the same due process rights as an individual seeking the return of property for the purchased value.

5. The government claims due to the property being above the $500,000 threshold, they don't need to abide by the due process time constraints. However, if the government would have pursued this same property prior to exceeding that threshold, they would have needed to file a complaint within 60 days of the seizure. Or, within 90 days of receiving a claim for property.

4

6. However, in Mr. Castelluzzo's situation, the government did not attempt whatsoever to file any complaints or notification. Rather, it was not until 5 months passed, and Mr. Castelluzzo filed a motion to return property, that the government accepted a claim for property.

7. The government then stated, "The claim would set the legal machinery in motion." However, another 7 months was allowed to pass, and still no legal machinery had been set in motion.

8. The government now hides behind secrecy to cause further delay, while they attempt to use any tool available to justify such a substantial forfeiture.

9. The government will not even release the affidavit of probable cause to challenge their illegal and exploratory warrant. An investigation into financial crimes has now evolved into one of national security concerns.

10. A $9,000 purchase nearly a decade ago, does not call for this type of government response. This is a clear abuse of process to further a selective and malicious prosecution.

11. Without any new criminal charges, it is a fact that the government wishes to punish Mr. Castelluzzo, for market conditions beyond his control making the assets appreciate greatly. On the other hand, they simply wish to double back to a disposed criminal conviction, for nothing more than a second bite at the apple.

12. The government is fully aware that exculpatory evidence does not fit their beliefs. However, this case is not meant to pursue an interest in justice. Rather, the government is clearly pursuing a monetary gain.

13. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a temporary restraining order requiring the U.S. Attorney General Office to turn of plaintiff's assets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date 7/24/2023

Christopher Castelluzzo

5

Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

## U.S. DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER CASTELLUZZO <br><br> Plaintiff, <br> v. <br><br> U.S. Attorney General <br> Defendants. | **Case No: 22-y-00375-CNS** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

### Statement of the Case

1. On July 12th, 2022, the United States obtained a search warrant for the person of Brian Krewson and his residence, specifically the premises located at 8120 Dartmoor Court, Colorado Springs, CO 80920. The search warrant authorized law enforcement to seize virtual currency.

2. During the execution of the search warrant, the Federal Bureau of Investigation seized the Mr. Castelluzzo's crypto currency assets as well as the assets of his company, BrokenWing.

3. The FBI did not initiate administrative forfeiture on any of the crypto currency assets because one asset was valued over $500,000.00, which is the threshold for administrative forfeiture and, therefore, necessitated the filing of a judicial forfeiture action, in which the United States Attorney's Office has failed to do.

4. On December 22, 2022, Mr. Castelluzzo filed a Motion for Return of Property, asserting (1) that crypto currency assets belonging to "Broken Wings Holdings, LLC seized from Mr. Krewson in July belong to Castelluzzo. (2) the seized crypto currency assets are not the proceeds of any crimes be it pass or present (3) the seized crypto currency should be returned to Castelluzzo and Broken Wings Holding, LLC.

6

5. The government accepted Mr. Castelluzzo's motion pursuant to FED. R. CRIM. P. 41(g) for the return of property, as a claim to the property.

> "Indeed, by virtue of Mr. Castelluzzo's Motion for return of Property, the Government has now received a claim for the property..."

6. The government also cited United States v. Ali, stating that, "he was entitled to file a claim any time after the seizure, which would set the legal machinery in motion."

7. However, in this situation the government acts in secrecy and filed sealed documents to only cause delay. This is evidenced by a warrant alleging financial crimes and now the investigation has evolved into one of national security concerns.

8. The government continues to sidestep the exculpatory evidence that contradicts their beliefs and cause delay while they attempt to manufacture a criminal case.

9. The government even hides the affidavit of probable cause which would clearly display bad faith and lies to even obtain their illegal warrant.

10. The government manufactured a 10 year long money laundering operation to obtain the warrant. This includes false allegations which the government knew to be false.

11. The evidence to support these claims is found in the warrant.

> "all documents, records, or information relating to the purchase into the Ethereum Initial Coin Offering (as described in the affidavit supporting probable cause)"

12. Therefore, it is a fact that the government knew the 30,000 Ethereum tokens were acquired during the Initial Coin Offering. This occurred in July of 2014. This is factually supported by memorialized history.

13. The government also knew the wallet containing the 30,000 Ethereum tokens. Blockchain history confirms that these tokens were held since their creation and never disbursed in anyway.

14. Being that the 30,000 Ethereum tokens were purchased in July of 2014, and continuously held ever since, they could not have any association with the governments criminal allegations.

15. Therefore, it is a fact that the FBI provided false testimony in the affidavit of probable cause. They simply wished to target legal business activities of today in an unrelated business, (that is not criminal in nature), to merely obtain the Ethereum token seizure.

7

16. The fact that the tokens were acquired for $9,000, nearly a decade ago, proves that the government only now has an interest in a forfeiture due to their present day value worth tens of millions of dollars. Or, they simply wish to double back to a disposed criminal conviction for a second bite at the apple because they now feel they missed something.

17. The government claims that Mr. Castelluzzo has not suffered irreparable harm, but the facts say otherwise. It has now been over a year that he has been deprived his only source of income.

18. Mr. Castelluzzo was receiving monthly distributions of about $5,000 per month prior to the FBI raid. This paid for his mother's vehicle and insurance so she could manage as his personal assistant. This provided for his only child. Every month Mr. Castelluzzo gave the child's mother finances to cover his cost of living.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date 7/24/2023

Christopher Castelluzzo

8

# ARGUMENT
# POINT 1

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

*INJUNCTION*

Mr. Castelluzzo request the Court to intervene and stop the hemorrhaging and damages from continuing.

### THE ROOT OF THE $9,000 TO MULTI-MILLIONS
### THE RAGS TO RICHES STORY REVISITED

The Ethereum tokens were legally obtained in the Ethereum Initial Coin Offering, of July 2014. The government was aware of when they were acquired and it is evidenced by the warrant itself.

The government is also aware that the Blockchain history proves continuous ownership ever since their creation. Therefore, there was no way to allege any present day criminal activity whatsoever. The warrant is flawed and this investigation is of exploratory purposes to find anyway to justify a forfeiture.

BrokenWing Holdings also has no association with any criminal activity. All business activities are transparent, tax returns were filed annually for all 3 years of operation. The business trading account is in full compliance with the Bittrex exchange and the opening deposit was declared and sourced.

Previously disposed criminal activity has no association with the 30,000 Ethereum tokens or the business of BrokenWing. The investigation reports are void of any mention, the evidence has no relation, and the wiretap recordings do not encompass either timeframe.

Mr. Castelluzzo request the Court to return all of the seized property. However, if the Court is not willing to grant this request, then Mr. Castelluzzo request the release of the businesses assets.

### A.     The Plaintiff's is Threatened with Irreparable Harm

Mr. Castelluzzo has been irreparably harmed by the government's seizure and yearlong delay. Moreover, the impeding irreparable harm on the horizon will be even more damaging.

While Mr. Castelluzzo has been prevented from engaging in any trading activities in regards to his personal ETH tokens, his loss of potential income far outweighs the total value of the government's seizure. In addition, while the government possesses his ETH tokens, he is forced to endure market conditions and unable to react. Crypto currency is extremely risky and highly volatile. If is very possible for these assets to plummet to nearly nothing. In fact, this has occurred with may tokens already. The evidence of the volatility can be seen in the seizure value itself. The assets have doubled in value since the government's seizure. However, it is all of the swing tracts that occurred on the way to it's present day value.

Moreover, the delay has caused BrokenWing to suffer irreparable harm. The sole purpose of this business is to trade cryptocurrency assets. Without the businesses core assets it is impossible to conduct the businesses core function. Additionally, when the government seized the businesses assets, their positions could not be exited. Here we have many different cryptocurrency token with various levels of risk all being exposed to market conditions without any protective measure in place. The government's has essentially taken a very successful trading operation and transformed it into a game of roulette. Mr. Castelluzzo basically has his chips all over the table and is hoping for the best. This exposure is dangerous and the question is not if things will go wrong, but when they go wrong.

The business has been unable to pay it's financial obligations for the past year. At this point, bankruptcy is probably the only outcome. Furthermore, BrokenWing is Mr. Castelluzzo's sole source of income.

While the government may believe due to his incarceration, he needs no income this can be no further from the truth. Prior to the seizure, Mr. Castelluzzo was receiving monthly distributions of roughly $5,000.00 these funds were to assist his unemployed mother with living expresses, by specifically paying for her vehicle and insurance. He has also assisted with her mortgage to the tune of $17,000.00.

Furthermore, Mr. Castelluzzo has not been able to support his only child for this past year. Additionally, his son lives in New Mexico, while Mr. Castelluzzo is incarcerated in New Jersey. He is responsible for all costs associated with the child visiting him. "Therefore the government's delay had hampered his ability to even see this child.

Mr. Castelluzzo was also responsible for paying his fiancé's rent obligation. The government delay has caused tensions resulting in separation and the inability to pay her rent has caused her to become homeless.

Moreover, Mr. Castelluzzo does not have the finances to cover the monthly cost of food or hygiene items while incarcerated. The only way to obtain these items is to burden others. Whom have no responsibility to provide these items.

The government also claims that due to their being no complaints filed against Mr. Castelluzzo, that he needs no money for legal fees. This is clearly a ridiculous assertions due to the fact of ongoing legal proceedings and the unlawful detention of Mr. Castelluzzo's legal and rightfully obtained assets.

Even in respect to sealed documents and the secrecy of the affidavit of probable cause, it is evident that the government wished to deny Mr. Castelluzzo the ability to challenge their botched warrant. The absurdity of the government's allegations is directly contradicted by the exculpatory evidence.

The government clearly has no, interest in returning Mr. Castelluzzo's assets and this is displayed by their willfulness to cause delay by any means necessary. They claim that Mr. Castelluzzo is not entitled to the same due process protections as an individual with seized property below the $500,000.00 threshold of administrative forfeiture. However, the 8 years of delay prior to the seizure caused a $9,000.00 asset to break that threshold. Therefore, of the government acted without delay, the government would have already filed a forfeiture complaint of been forced to return the property to Mr. Castelluzzo.

The government's actions have prejudiced Mr. Castelluzzo, and the prejudice has lead to him being irreparable harmed. The government own handbook directs the government on how to handle forfeitures over $500,000.00.

*The Department of Justice Criminal Division Asset Forfeiture Policy Manual 2023, p. 5-9 (even when over the administrative $500,000.00 threshold, prosecutors should comment judicial forfeiture within 90 days of a claim.)* The words "maybe" "might" or "if one chooses to do so," are not written in the manual. Rather, the word "should" have filed a forfeiture complaint within 90 days of Mr. Castelluzzo's claim back in December of 2022.

The rules of 18 U.S.C. §983, do apply to Mr. Castelluzzo's claim for property, as they pertain to any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon a condition of a criminal offense. 18 U.S.C. §9839(i)(1). While U.S.C. § 981, which specifically covers the alleged offenses used as a basis for the government's seizure. 18 U.S.C. §983 provides the general rules for those forfeitures 18 U.S.C. §983, was enacted as part of the Civil Asset Forfeiture Reform Act (CAFRA); Supplemental Rules for certain Admiralty and Maritime Claims apply to forfeiture actions under 18 U.S.C. §981. United States v. $8,221,877.16 in US currency, 330 F.3d 141, 55 Fe3d R. Serv. 3d 914 (3d Cir. 2003) Claimants have also been entitled to the release of property under the Civil Asset Forfeiture Reform Act of 2000. United States v. 1,2231,349.68 in funds, 227 F. Supp. 2d 125 (D.D.C. 2002).

11

In Mr. Castelluzzo's case, the government's plays on words to cause further delay. This only leads to enduring further irreparable harm. The government was allowed an uncontested 5 months of investigation after their seizure, without Mr. Castelluzzo submitting any claim for property. It was not until that time when a claim was submitted. It has now been another 7 months and the government still continues to justify the unwarranted detention of Mr. Castelluzzo's property, based on nothing more than "mere belief."

While the government concocted a very creative narrative of an ongoing 10 year money laundering operation, they have also discovered the facts are too contradictory to paint this picture. The unchecked power to hide their bad faith and true nefarious intentions.

The malicious prosecution attempt being perpetrated by actors within the District of New Jersey, is illegal, unwarranted, and flat out in pursuit of monetary gain. The District Court of Colorado is only involved due to the assets being located with this jurisdiction. However, the government's uses these jurisdictional issues to literally walk all over Mr. Castelluzzo's Constitutional rights. Due to Mr. Castelluzzo already serving terms of imprisonment, the government feels that he has no rights and they can do as they wish. This is evidenced by their actions, their remarks, their delay, and their inactions.

Mr. Castelluzzo has clearly been irreparably harmed over the course of the year since the government's seizure. He will also clearly face further irreparable harm if the Court allows their continued delay and course of action to continue. It does not matter if the government is granted one year or five years to investigate. The government will discover no evidence of any crime in relation to the ETH tokens or BrokenWing's assets.

The only thing that is occurring is Mr. Castelluzzo's damages further accruing. It is for these reasons stated that Mr. Castelluzzo has been irreparably harmed and without intervention from the Court, the hemorrhaging will continue.

### B.   The Balance of Hardships Favors the Plaintiff

BrokenWing was Mr. Castelluzzo's sole source of income. The government has denied him the ability to support himself or his family for the past year.

Prior to the seizure, Mr. Castelluzzo was receiving monthly distributions of approximately $5,000. These funds were used to support Mr. Castelluzzo's monthly expenses.

He was assisting his unemployed mother with her bills, providing a monthly child support for his son, paying his fiancé's rent obligation, and covering the cost of his monthly food and cosmetics expenses.

Mr. Castelluzzo is also responsible for all cost associated with visitation from his son. Mr. Castelluzzo is incarcerated in New Jersey and his son resides in New Mexico. The government's action has punished Mr. Castelluzzo from even seeing his only child.

Furthermore, the government's action has deprived Mr. Castelluzzo the ability to pay his fiancé's rent obligation for so long that she has since become homeless. The stresses have also since lead to a separation and mental breakdown resulting in his fiancé being place in a medical facility.

Mr. Castelluzzo has broken no laws or committed no crimes. Yet, he is being punished as if he was convicted of a crime. The further delay only makes his suffering worse and will very shortly lead to BrokenWing filing for bankruptcy.

If the Court is willing to free up the assets belonging to BrokenWing this will ease the suffering caused due to the government's actions. This will allow Mr. Castelluzzo to sustain himself and his family while they pursue their fruitless but ongoing witch hunt.

Lastly, if the Court will not grant the relief sought, at the bare minimum, it should order the government to file a complaint or return all assets.

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between then parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion denied will outweigh the suffering of the non-moving party if the motion is granted.

In this case, the present suffering of the plaintiff and his family is herein stated.

## C.  The Plaintiff is Likely to Succeed on the Merits.

The plaintiff has a great likelihood of success on the merits. What defendants have done - intentionally interfering with plaintiff's property.

The government's investigation has no factual basis whatsoever. Rather, it's based entirely on fabricated stories told over prison communications, that are directly contradicted by the exculpatory evidence. However, instead of accepting undeniable facts as truth, the government blindly continues their search for anything to support their manufactured 10 year money laundering operation.

This entire situation stems form Mr. Castelluzzo, purchasing an item for a miniscule amount of money roughly 9 years ago. Then, holding on to that item and doing nothing further with it, the government alleges present day criminality. This one simple act is the basis for all of the governments manufactured allegations, waste of

government's resources, countless man hours, continued court proceedings, constitutional violations, abuses of process, and now, requires the introduction of sealed documents under national security.

While the government may have truly believed in their allegations at the time this investigation began, they clearly have discovered that the reality contradicts those beliefs. The lack of any factual basis to support the government's allegations further supports a selective prosecution, which targeted Mr. Castelluzzo for having substantial assets and already being imprisoned.

Mr. Castelluzzo has been incarcerated for over 8 years. He has many more years remaining on his sentences. He has no longer engaged in criminal activity, nor received any new criminal charges. To further remove himself from a criminal lifestyle, Mr. Castelluzzo opened up a legal cryptocurrency trading business, BrokenWing Holdings. This is a real business that has no association with any criminal activity, nor is a front for some elaborate money laundering operation. Declared and sourced with the Bittrex exchange's compliance department. Furthermore, tax returns were filed annually for all 3 years of operation. The legitimacy of this business is further evidence by the government's year of delay and inability to file any complaints against it.

The government's was provided with the details in regards to all of the cryptocurrency assets seized from the business. He stated that the business was formed, in 2019, and funded with ETC tokens, in which he received upon issue, in July 0of 2016. By the government's own assertions in their response brief, filed in January of this year, they state, "the seized cryptocurrency assets other that the Ethereum appear to be traceable to the ETC tokens."

Blockchain technology provides an undeniable chain of transactions for the entire lifetime of each single token. These tokens can be traced back to their genesis block, in July of 2016. Therefore, these tokens did not exist prior to this event. It is completely and utterly impossible to associate these ETC tokens with any previously disposed criminal conviction.

Mr. Castelluzzo also provided the history of his acquisition of the 30,000 ETH tokens. Blockchain history again validates that these tokens were also received during their genesis block, in July of 2015. These tokens can not be traced back any further, as they did not exist prior to this event. However, Mr. Castelluzzo went above and beyond to further establish their legitimacy by providing the government with his participation in the Ethereum Genesis sale, of July of 2014. This s the event that the government references in the warrant as the "Ethereum Initial Coin Offering."

Moreover, while this event is moralized in history, due to the governments delay of 8 years in procuring a seizure there is not possible way to view the particulars of this specific transaction. However, it is a fact that Mr. Castelluzzo acquired the 30,000 ETH tokens for 15 Bitcoins, due to this amount being request by Ethereum.org. Additionally, looking at memorialized Bitcoin price charts supports that Mr. Castelluzzo's claimed purchase amount is consistent with historical facts.

The government investigation wishes to support present day complaints by using a previously disposed conviction. This is evidence by the FBI executing warrants in the State of New Jersey, and seizing all of the evidence from Mr. Castelluzzo's prior arrest. However, even an overreaching prosecution attempting a double prosecution of conduct resulting in Mr. Castelluzzo's incarceration, supports no merit for a forfeiture. The investigation reports are void to any mention of the ETH tokens, the record contains no attempt to target the tokens, the seized evidence has no relation tot eh tokens, and the wiretap recordings do not encompass the timeframe of the Ethereum Genesis sale. Additionally, a previously settled civil forfeiture in regards to Mr. Castelluzzo's arrest resulted in the return of assets with a greater value than the claimed ETH purchase amount.

Mr. Castelluzzo's due process has clearly been violated by the government's 8 years of delay in obtaining a seizure, and another year of delay after it. The government's continues to shield their acts in secrecy to cause further delay. This is a malicious prosecution designed to circumvent statute of limitations restrictions and double jeopardy protections u under the guise of continued conduct. With no further criminal conduct occurring, it is clear that this is a case of the FBI "Policing for profit."

The government had no interest in the $9,000 asset during Mr. Castelluzzo's previous prosecution. However, with market conditions causing an appreciation of tens of millions of dollars, the government now attempts a forfeiture. Bad faith on behalf of the government shows that his investigation has no interest in justice. The government merely wishes to double back to a disposed criminal conviction because they now feel that they missed something. The reality of this is that the government want a second bite at the apple.

The exculpatory evidence supports Mr. Castelluzzo's claims. The government can not provide anything to the contrary. Additionally, the government's has now had a year to track and trace cryptocurrency assets that only required mere moments to accomplish. It is for all of these reasons stated, that b Mr. Castelluzzo will likely prevail on merit.

### D.   The Relief Sought Will Serve the Public Interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for the U.S. Attorney Generals Office and it's agents to obey the law, especially the Constitution. The Constitution is the ultimate expression of the public interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date  7/24/2023

Christopher Castelluzzo

15

Christopher Castelluzzo #252478D
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

CHRISTOPHER CASTELLUZZO

v.

U.S. Attorney General
    Defendants.

---

<u>Case No: 22-y-00375-CNS</u>

**CERTIFICATION OF SERVICE**

I Christopher Castelluzzo do hereby swear that I have mailed to The Clerk of The Court and the U.S. Attorney General Office the following papers.

Enclosed you shall find;

(*) ORDER
(*) DECLARATION IN SUPPORT OF PLAINTIFF
(*) MEMORANDUM
(*) ARGUMENT
(*) CERTIFICATION
(*) CERTIFICATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date  7/24/2023

Christopher Castelluzzo

16